11/19/2021 3:51 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 59349967
By: Iliana Perez
Filed: 11/19/2021 3:51 PM

# 2021-76110 / Court: 133

CAUSE NO. _____

| | | |
|---|---|---|
| FELICIA JACKSON | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | |
| | § | HARRIS COUNTY, TEXAS |
| MARK HARRIS; and | § | |
| JAMES GENTRY, LLC | § | |
| | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND RULE 193.7 NOTICE

COMES NOW Plaintiffs FELICIA JACKSON complaining of Defendants, MARK HARRIS and JAMES GENTRY, LLC. In support thereof, Plaintiffs shows the Court as follows:

### I. DISCOVERY CONTROL PLAN

1.1  The damages in this case exceed $250,000.00. Plaintiffs request discovery in this case to be conducted under a Level 2 Discovery Control Plan in accordance with Texas Rule of Civil Procedure 190.3.

### II. PARTIES

2.1  Plaintiff FELICIA JACKSON is a resident of Tamms Illinois.

2.2  Defendant, MARK HARRIS, is an individual resident of Bossier City, Louisiana. Pursuant to Texas Rule of Civil Procedure 106(a)(1), Defendant may be served with process, in person, or mailing by registered or certified mail, return receipt requested, a true copy of the citation and petition to: 112 Lillian St., Bossier City, Louisiana 71111-5003 or wherever he may be found.

2.3  Defendant, JAMES GENTRY, LLC, is a foreign limited liability company authorized to do business in the State of Texas and may be served by delivering a true and correct copy of the

petition and citation to its registered agent, James Gentry, 8125 West 70th Street, Greenwood, Louisiana 71033, or wherever he may be found.

### III. JURISDICTION AND VENUE

3.1  The Court has jurisdiction in this cause since the damages are within the jurisdictional limits of the Court.

3.2  Pursuant to sections 15.001 and 15.002(a)(1) of the Texas Civil Practice and Remedies Code, this venue is proper because the lawsuit is brought in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred. The venue is also proper because it best serves the convenience of the parties and witnesses, as well as the interests of justice.

3.3  Plaintiff has satisfied all conditions precedent to this lawsuit.

3.4  Nothing Plaintiff did caused or contributed to this occurrence.

3.5  Plaintiff sues for monetary relief over $250,000.00, but not more than $1,000,000.00. In the alternative, Plaintiff sues for monetary relief over $1,000,000.00.

### IV. FACTS

4.1  On April 28, 2020, Plaintiff FELICIA JACKSON was traveling westbound on I-10 in the left lane. As she was driving, Defendant MARK HARRIS, who was traveling westbound in the lane to her right, caused his vehicle to veer in her lane and strike her vehicle. The force of the collision forced her vehicle to crash into the protective barrier of the highway.

4.2  The collision caused by Defendant MARK HARRIS occurred with tremendous force, proximately causing Plaintiffs to suffer severe, excruciating, and painful debilitating injuries.

4.3     At the time of the collision, Defendant MARK HARRIS is believed to have been in the course of scope of his employment with Defendant JAMES GENTRY, LLC.

## V. NEGLIGENCE OF MARK HARRIS

5.1     The collision made the basis of this lawsuit resulted from the improper conduct of MARK HARRIS. The conduct of MARK HARRIS constitutes negligence and/or negligence *per se* as that term is understood in law and such negligent conduct was a proximate cause of the occurrence, injuries, and damages to Plaintiff made the basis of this suit. Defendant MARK HARRIS's negligent actions or omissions include, but are not limited to, one or more of the following non-exclusive particulars:

  a. failing to timely apply the brakes to his vehicle;
  b. failing to maintain a proper lookout;
  c. failing to pay attention to his surroundings;
  d. failing to warn Plaintiff by signaling the horn of the vehicle;
  e. failing to operate his vehicle as a person of ordinary prudence would have in the same or similar circumstance;
  f. failing to control the speed of his vehicle;
  g. driving while distracted;
  h. other acts of negligence and negligence per se.

5.2     One, some, or all of the foregoing acts and/or omissions or others on the part of Defendant MARK HARRIS constituted negligence and/or negligence *per se*. Such negligence was the proximate cause of the Plaintiff's injuries and damages.

## VI. NEGLIGENCE OF DEFENDANT JAMES GENTRY, LLC

6.1     Defendant, JAMES GENTRY, LLC is believed to be the owner of the vehicle being operated by Defendant MARK HARRIS and his employer. The conduct of Defendant JAMES

GENTRY, LLC constitutes negligence as that term is known in law. Such negligent acts or omission include, but are not limited to the following:

    a.    allowing Defendant MARK HARRIS to operate its vehicle even though it knew or should have known he was a reckless or incompetent driver;

    b.    retaining Defendant MARK HARRIS to operate its vehicle even though it knew or should have known he was a reckless or incompetent driver;

    c.    entrusting a vehicle to Defendant MARK HARRIS even though it knew or should have known he was a reckless or incompetent driver;

    d.    failing to properly train Defendant MARK HARRIS in the safe operation of a motor vehicle;

    e.    failing to properly supervise Defendant MARK HARRIS' driving activities;

    f.    failing to establish and enforce safety rules and regulations;

    g.    failing to properly educate, instruct, and supervise the performance of Defendant MARK HARRIS' duties;

    h.    failing to adequately train, educate, or provide instructions and orders to Defendant MARK HARRIS;

    i.    failing to provide proper safety manuals and instructions to employees responsible for safety; and

    j.    failing to enforce and ensure compliance of established safety and operational rules and regulations for persons operating its equipment.

6.2    One, some, or all of the foregoing acts and/or omissions or others on the part of this Defendant JAMES GENTRY, LLC constituted negligence and such negligence was a proximate cause of the occurrence and Plaintiff's injuries and damages.

## VII. RESPONDEAT SUPERIOR

7.1    At all times material to this lawsuit, MARK HARRIS, was an employee of JAMES GENTRY, LLC and was acting within the course and scope of his employment with this Defendant. Consequently, JAMES GENTRY, LLC is vicariously liable to Plaintiff for the negligent conduct of Defendant MARK HARRIS, under the theory of *respondeat superior*.

## VIII. Damages

8.1   As a result of the incident made the basis of this lawsuit as described in the preceding paragraphs and the negligence of Defendants, Plaintiffs sustained significant injuries and damages in the past and will in reasonable probability sustain damages in the future.

8.2   In the alternative, Plaintiffs had a pre-existing condition to one or more parts of his body affected by this accident. Plaintiffs assert that the negligence of the Defendant aggravated and exacerbated Plaintiffs' pre-existing condition(s).

8.3   Plaintiffs respectfully requests that the trier of fact determine the amount of his damages and losses that they incurred in the past and that they will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to, the following:

   a.   Past, present, and future physical pain and mental anguish;

   b.   Past, present, and future loss of earning capacity;

   c.   Past, present, and future disfigurement;

   d.   Past, present, and future physical impairment;

   e.   Past, present, and future medical care and related expenses; and

   f.   Past, present, and future out-of-pocket economic losses.

8.4   Because of all of the above and foregoing, Plaintiffs suffered actual damages in excess of the minimum jurisdictional limits of the Court for which damages Plaintiffs now bring suit.

8.5   Plaintiffs seek both prejudgment and post-judgment interest as allowed by law, for all costs of Court, and all other relief, both general and special, at law and in equity, to which they may be justly entitled.

## IX. PRESERVATION OF EVIDENCE

9.1    Plaintiffs hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including photographs, videotapes, audiotapes, recordings, business or medical records; bills; estimates; invoices; checks; measurements; correspondence; memoranda; files; any item which has been removed from the premises which was involved in the incident; facsimile; email; voicemail; text messages; investigation; cellular telephone records; calendar entries; and any electronic image, data, or information related to Plaintiffs, the referenced incident, or any damages resulting therefrom. Failure to maintain such items will constitute a spoliation of the evidence.

## X. JURY DEMAND

10.1    Pursuant to Texas Rule of Civil Procedure 216, Plaintiffs respectfully request and demand a trial by jury.

## XI. RULE 193.7 NOTICE

11.1    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiffs hereby gives actual notice to each Defendant that any and all documents produced may be used against the Defendant producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XII. REQUEST PURSUANT TO RULE 28 FOR SUBSTITUTION OF TRUE NAME

12.1    To the extent that the above-named Defendants and Parties are conducting business pursuant to a trade name or assumed name, then relief is sought against them pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff hereby demands upon answering this suit, that the Defendants and Parties answer in their correct legal and assumed names.

## CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited in terms of law to appear and answer herein, and that upon final trial and hearing hereof, Plaintiffs recover damages in accordance with the evidence, costs of Court herein expended, interest to which Plaintiffs are justly entitled under the law, and that the Court grants Plaintiffs such other and further relief, both general and special, at law and in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

JIM S. ADLER & ASSOCIATES

Scott R. Frase
State Bar No. 24076956
sfrase@jimadler.com
3D International Tower
1900 West Loop South, 20th Floor
Houston, Texas 77027
Telephone:   (713) 777-4000
Facsimile:    (713) 781-2514

**ATTORNEY FOR PLAINTIFF**